## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **EFFIE CAMPBELL SIEGLING** | ) | |
| **BOWERS by and through her** | ) | |
| **ATTORNEY-IN-FACT TERRELL** | ) | |
| **W. BOWERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 4:15-cv-00011-CDL** |
| | ) | |
| **BRANCH BANKING AND TRUST** | ) | |
| **COMPANY, Successor in merger to** | ) | |
| **BRANCH BANKING AND TRUST** | ) | |
| **COMPANY OF SC, and STERLING** | ) | |
| **CAPITAL MANAGEMENT, LLC,** | ) | |
| **Successor in merger to BB&T** | ) | |
| **ASSET MANAGEMENT, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

Plaintiff has filed an impermissible "shotgun" pleading that fails to satisfy the pleading standards set forth in Federal Rules of Civil Procedure 8(a)(2) and 9(b). Separately, Plaintiff's purported counts fail to state a claim as a matter of law. For these reasons, more fully set forth below, the Court should dismiss Plaintiff's Complaint in its entirety.

<u>**PLAINTIFF'S FACTUAL ALLEGATIONS**</u>[1]

1.    <u>The Parties had a contractual relationship.</u>

This is a single plaintiff case brought against two distinct defendants. Plaintiff Effie Bowers, now 93, in 1946 moved to the Columbus, Georgia hometown of her now-deceased husband. Compl. ¶¶ 1, 14, 15. Mr. Bowers knew the founders of American Family Life Assurance Company of Columbus, now known as AFLAC, and made an early, extremely fortuitous investment in AFLAC stock. *Id*. ¶ 17. This investment blossomed exponentially such that, as of "the mid-2000s," Mrs. Bowers owned a concentrated, single position consisting of "hundreds of thousands of shares in AFLAC stock." *Id*. ¶¶ 17-24.

Defendant Branch Banking and Trust Company ("BB&T") is a bank; Defendant Sterling Capital Management, LLC ("Sterling") is an investment advisory company. *Id*. ¶¶ 4, 7. Without explanation, Plaintiff's Complaint purports to conflate BB&T with Sterling's predecessor company (BB&T Asset Management, LLC) into a single entity referred to collectively as "BB&T." *Id*. ¶ 8.

On August 16, 2006, Mrs. Bowers entered into a written Wealth Management Agreement with the predecessors to BB&T and Sterling. *See* Compl.

---

[1] On this motion to dismiss, the Court must accept the truth of the *facts* alleged in the Complaint, but should not accept conclusory allegations, opinions, and legal conclusions. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009); *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996). Defendants do not admit that any of the alleged facts are true.

¶ 30; *id.* at Ex. 1 (the "Agreement").[2] Pursuant to the Agreement, BB&T's Wealth Management Division performed wealth management services and Sterling performed investment advisory services. *Id.*

      2.    <u>On Defendants' advice, Plaintiff entered into "Variable Prepaid Forward Contracts" with Third-Parties.</u>

To address tax and cash flow issues associated with Mrs. Bowers' highly concentrated, low cost basis in AFLAC stock, BB&T and/or Sterling discussed a strategy with Mrs. Bowers[3] to monetize her AFLAC position in order to create a diversified wealth management portfolio with substantial tax benefits. Compl. ¶¶ 35-39, 43, 44, 46. To monetize her AFLAC stock position without immediate tax penalty, the agreed strategy included an investment vehicle called a Variable Prepaid Forward Contract ("VPFC"). *Id.* ¶ 36. Stated simply, the VPFC was a "hedging" strategy that allowed Mrs. Bowers to pledge AFLAC stock to an investment bank in return for an immediate substantial cash payment without incurring tax on the increased value of the stock at the time of the transaction. *Id.* ¶¶ 36, 39, 42. The strategy was designed both to raise cash in order to allow Mrs.

---

[2] The Court can consider the Agreement in assessing this motion to dismiss. *See LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (the Court may consider "documents central to or referenced in the complaint"); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (same).

[3] Though not revealed in her Complaint, Mrs. Bowers was represented in these discussions by her own experts, including a tax attorney and a certified public accountant.

Bowers to diversify her portfolio, and to allow for a potential stepped-up cost basis to lessen taxes. *Id*. ¶ 39. The initial term of Mrs. Bowers' first VPFC was three years. *Id.* ¶ 42. Before the expiration of her first VPFC, Mrs. Bowers entered into a second VPFC transaction in a transaction referred to as a "rollover." *Id.* ¶ 48. To date, Mrs. Bowers has entered into four rollover VPFC transactions, the last occurring in June 2014. *Id*. The Complaint does not specify what income or tax benefits Mrs. Bowers received during each rollover, or the current value of her portfolio. Likewise, Mrs. Bowers does not set forth any particular damage alleged to have been caused by any particular act or omission by either Defendant.

      3.   <u>Mrs. Bowers asserted ten purported claims.</u>

After obtaining the benefits and incurring the burdens of VPFCs over an eight-year time period, and after having completed her fourth VPFC rollover, Mrs. Bowers now complains that the VPFC strategy was "too risky and unsuitable for an elderly and unsophisticated investor like her . . ."[4] and that Defendants failed to adequately disclose the strategy risk. Compl. ¶¶ 24, 41, 50. Based on these contentions, she purports to assert claims against Defendants for: (1) breach of contract; (2) breach of fiduciary duty; (3) breach of contract accompanied by fraudulent act; (4) state securities act violations; (5) fraudulent misrepresentation;

---

    [4] Although not germane to this motion, this assertion ignores the sophistication of Mrs. Bowers' personal advisors, including an attorney with significant tax, estate planning, and securities experience and a certified public accountant.

(6) constructive fraud; (7) fraud in the inducement; (8) negligent misrepresentation; (9) civil conspiracy; and (10) violation of the Georgia RICO Act. *Id*. ¶¶ 54-142.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    Plaintiff's Complaint Fails All Applicable Pleading Standards.[5]**

The Court should dismiss the Complaint because it is a shotgun pleading and fails to state a claim under Federal Rules 8(a)(2) and 9(b).

1.    <u>The Complaint is an impermissible shotgun pleading.</u>

The Court should dismiss Plaintiff's Complaint because it is an impermissible "shotgun" pleading. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–26 (11th Cir. 2014). The Eleventh Circuit has condemned shotgun pleadings "upward of fifty times." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008); *see also Paylor*, 748 F.3d at 1125 n.2 (collecting 23 published cases in which "[a]ll of the judges of this court, active and senior, have either authored or concurred in an opinion condemning shotgun pleadings."). It has cautioned that "[p]laintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claim; worse yet, they file shotgun

---

[5] While mindful that this Court has at times expressed a negative view of Rule 12(b) motions, *Pension Ben. Guar. Corp. v. Divin*, No. 4:08-CV-151(CDL), 2010 WL 2196114, at *1 (M.D. Ga. May 27, 2010); *Meyer v. Snyders Lance, Inc*., No. 4:12-CV-215 CDL, 2012 WL 6913724, at *1 (M.D. Ga. Dec. 12, 2012), Defendants respectfully assert that the violations of pleadings rules here are significant, substantive, and warrant dismissal.

complaints to extort the settlement of unmeritorious claims." *Davis*, 516 F.3d at 982 (quotation omitted). "The result is a massive waste of judicial and private resources; moreover, the litigants suffer, and society loses confidence in the courts' ability to administer justice." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (quotation omitted).

A shotgun pleading is one that: (1) fails to specify the facts relevant to each claim and adopts all facts within each claim, (2) asserts claims against a number of defendants without specification, and (3) contains a plethora of causes of action "supported by a laundry list of legal theories." *See* Hon. Emmett Ripley Cox, *Thirty-Two Years on the Federal Bench*, 66 FLA. L. REV. 1685, 1691–92 (2014). The Complaint here embodies this definition.

First, each of Plaintiff's ten counts incorporates "the relevant allegations contained in the preceding and subsequent paragraphs . . . insofar as they are not inconsistent with the allegations" of that respective count. Compl. ¶¶ 54, 61, 69, 76, 84, 97, 109, 119, 131, 136. Together, that totals 1,331 incorporated allegations, added to what is already a 38-page complaint. To make matters worse, the Complaint also fails to detail specific facts relevant to any of the claims; instead relying on general and conclusory allegations. And, nearly all of the allegations in each count overlap significantly.

6

Second, the Complaint makes very few specific allegations regarding the conduct of each individual defendant. Instead, the Complaint lumps both Defendants together indiscriminately—using the generic term "Defendants" over 150 times and the conflated term "BB&T" (referring to both BB&T and Sterling) over 60 times. This is plainly impermissible under well-established Eleventh Circuit precedent. *See West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) ("In a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient"); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (stating similar); *see also Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (finding Rule 9(b) violation because complaint "simply 'lumped together' all of the Defendants in their allegations of fraud").

Third, though Plaintiff purports to assert ten claims, each is based on the same alleged activity and each contains a nearly identical laundry list of conclusory allegations. *See*, *e.g.*, Compl. ¶¶ 58, 66, 73, 133. The Complaint is rife with duplicative counts – for example, at least eight different iterations of a fraud claim.[6] Worse, while the eight "fraud" claims are all based on nearly identical

---

[6] These claims are labeled: "breach of contract accompanied by fraudulent act" (Count 3); state securities fraud (Count 4); "fraudulent misrepresentation" (Count 5); "constructive fraud" (Count 6); "fraud in the inducement" (Count 7); "negligent

"facts," none ever identifies the alleged misrepresentations with any particularity. *See*, *e.g.*, *id.* Plaintiff's counts do not provide Defendants the ability to discern what truly is being alleged.

Recently the Eleventh Circuit advised defendants facing shotgun pleadings to move for dismissal. *See Paylor*, 748 F.3d at 1126 ("A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) . . . ."); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) ("[A] defendant faced with a [shotgun] complaint . . . is not expected to frame a responsive pleading."). Because Plaintiff's Complaint is a shotgun pleading, this Court should dismiss it.

> 2.    Plaintiff's fraud-based counts fail to satisfy the pleading standards of Rule 9(b).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Such particularity is required to ensure that defendants have fair notice of "the precise misconduct with which they are charged" and to safeguard defendants against "spurious charges of immoral and fraudulent behavior." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1277 (11th Cir. 2006) (quotation omitted).

Each of the Complaint's counts, whether styled as tort or contract, sound in

---

misrepresentation" (Count 8); "civil conspiracy" based in part on alleged fraud (Count 9); and Georgia RICO violations based on alleged fraud (Count 10).

fraud. Thus, the purported claims for fraud, breach of fiduciary duty based on alleged fraud, breach of contract accompanied by fraudulent act, fraudulent misrepresentation, constructive fraud, fraud in the inducement, negligent misrepresentation, conspiracy, RICO violations and securities fraud must satisfy Rule 9(b). *See* Fed. R. Civ. P. 9(b); *DIRECTV, LLC v. Stanley Wells,* No. 1:13-CV-28-WLS, 2013 WL 6036686, at *2 (M.D. Ga. Nov. 13, 2013) (applying 9(b) standard to negligent misrepresentation claims); *Duncan v. CitiMortgage, Inc.*, No. 1:13-CV-1493-TWT, 2014 WL 172228, at *10-11 (N.D. Ga. Jan. 15, 2014) ("The particularity requirement for fraud in Rule 9(b) of the Federal Rules of Civil Procedure applies to fraud-based Georgia RICO claims brought in federal court."); *Albert v. Citimortgage, Inc.*, No. 1:10-CV-03238-RWS, 2011 WL 1085148, at *2 (N.D. Ga. Mar. 21, 2011) (dismissing fraud in the inducement claim for failure to meet Rule 9(b) standard); *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1208 (11th Cir. 2001) (dismissing securities fraud claim for failure to satisfy Rule 9(b) standard); *Duracell Inc. v. SW Consultants, Inc.*, 126 F.R.D. 571, 574 (N.D. Ga. 1989) (dismissing constructive fraud claim for failure to satisfy Rule 9(b) standard); *Wagner*, 464 F.3d at 1278 (fraud allegations in a non-fraud claim must satisfy Rule 9(b)).

To satisfy Rule 9(b), Plaintiff must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions

> were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba*, 256 F.3d at 1202 (quotation omitted). In short, Plaintiff must set forth the "who, what, when, where, and how" of Defendants' allegedly fraudulent behavior. *See Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1219 n.9 (N.D. Ga. 2012). Plaintiff, however, does not come close to satisfying the requirements of Rule 9(b).

The Complaint does not identify a person, let alone a specific defendant, who is alleged to have made misrepresentations, the specific misrepresentations made, when such misrepresentations were made,[7] or any of the circumstances surrounding the alleged fraudulent acts. Lacking particularity, the conclusory allegations contained in the Complaint are not sufficient to survive a motion to dismiss.[8] *See West Coast Roofing*, 287 F. App'x at 86 (affirming dismissal of

---

[7] Plaintiff's counts appear to allege fraud solely with respect to the underlying 2006 VPFC contract. Though Plaintiff alleges the she engaged in subsequent rollovers (Compl. ¶ 42), the Complaint lacks any allegations of fraud regarding subsequent rollovers. Plaintiff does not identify a single specific misrepresentation or omission relating to the subsequent rollovers. Nor does she offer any statement to support reliance. Instead, Mrs. Bowers merely concludes: "the VPFC strategy trapped Mrs. Bowers into a never-ending series of rollovers throughout her lifetime . . . ." *Id.*

[8] The only statement that Plaintiff pleads with any particularity is the written statement referenced in Paragraph 51 of the Complaint regarding the purpose for

claims due, in part, to violations of Rule 9(b), stating: "In a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient"); *Albert*, 2011 WL 1085148, at *2 (dismissing plaintiff's complaint with prejudice where complaint "[did] not state precisely what statements were made or the contents of the statements[, and did] not plead who specifically made the alleged misrepresentations or when the statements occurred"). Therefore, the Court should dismiss Plaintiff's claims for fraud, breach of fiduciary duty based on alleged fraud (Count 2), breach of contract accompanied by fraudulent act (Count 3), securities fraud (Count 4), fraudulent misrepresentation (Count 5), constructive fraud (Count 6), fraud in the inducement (Count 7), negligent misrepresentation (Count 8), conspiracy (Count 9), and state RICO violations (Count 10) pursuant to Rule 9(b).

## B.   Separately, Rule 12(b)(6) Dooms the Remaining Counts

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Rule 8 . . . does not

---

refunding certain fees to Plaintiff's account in 2012—well after Plaintiff and her advisors agreed to pursue the VPFC strategy. In other words, the statement came after the alleged fraud that "damaged" Mrs. Bowers.

unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. Here, Plaintiff has not, and cannot, set forth "enough factual matter (taken as true) to suggest [each] required element" of the counts. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quotation omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Conclusory allegations, like those pled by Plaintiff, fail "to state a claim for relief that is plausible on its face." *See id.* at 570. For example, the Complaint lacks specific allegations of damage caused by Defendants' alleged conduct and the eight fraud-based counts rest entirely on allegations of unspecified, "false" "misrepresentations" with no identification of what statements were made, by who, or when. The Supreme Court condemned Plaintiff's technique when it held that pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1.   The Complaint lacks non-conclusory damages allegations. All claims, therefore, fail.

Plaintiff's damages contentions are vague, overbroad conclusions to the effect that she "has been directly and proximately damaged as a result of Defendants' breaches" (Compl. ¶ 59), "suffered damage in violation of the laws of the State of Georgia" (Compl. ¶ 74) and that her "reliance upon Defendants'

representations were the proximate cause of the damages that she has suffered."
(Compl. ¶¶ 95, 107, 117, 129); *see also id.* ¶¶ 67, 82, 134, 141 (containing
additional conclusory allegations of damage). Such conclusory statements are
insufficient to state a claim. *See Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250,
1262 (11th Cir. 2004) ("[L]egal conclusions masquerading as facts will not prevent
dismissal.").

Absent plausible damages proximately caused by specific, alleged
misconduct or breach of contract, Plaintiff's claims are inactionable and should be
dismissed. *See*, *e.g.*, *Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 48 (S.C. Ct.
App. 2009) (damages caused by breach required element of breach of contract
claim);[9] *Barnes v. White Cnty. Bank*, 170 Ga. App. 681, 682 (1984) ("[A]n
essential element of actionable fraud of any kind is damage.");[10] *Ogle v. Waters*,

---

[9] Because the Wealth Management Agreement contains a clear choice of law
provision (*see* Compl., Ex. 1 at 6), the breach of contract claim is governed by
South Carolina law. *See*, *e.g.*, *Ashley River Props. I, LLC v. Ashley River Props. II,
LLC*, 374 S.C. 271, 280 (S.C. Ct. App. 2007) ("If the contract's language is clear
and unambiguous, the language alone determines the contract's force and effect.").

[10] Georgia law applies to Plaintiff's tort claims. *See Bullard v. MRA Holding,
LLC*, 292 Ga. 748, 750 (2013) ("[A] tort action is governed by the substantive law
of the state where the tort was committed."); *see also Glaesner v. Beck/Arnley
Corp.*, 790 F.2d 384, 386 (4th Cir. 1986) ("Under South Carolina law, a cause of
action for tort arises where the injury or wrongdoing occurs."). The forum
selection clause in the Agreement does not change this conclusion. *See Manuel v.
Convergys Corp.*, 430 F.3d 1132, 1139-40 (11th Cir. 2005) ("Under Georgia
conflicts of law rules, the choice of law provision in the contract will not apply to"
tort claims); *Baxter v. Fairfield Fin. Servs., Inc.*, 307 Ga. App. 286, 291 (2010)
(contractual choice-of-law provision governing "the agreement and terms hereof"

301 Ga. App. 27, 27 (2009) (damage proximately caused by breach is required element of breach of fiduciary duty claim); *Marquis Towers, Inc. v. Highland Grp*., 265 Ga. App. 343, 346 (2004) ("[E]conomic injury proximately resulting from [reasonable] reliance" is essential element of negligent misrepresentation claim under Georgia law); *Breckenridge Creste Apartments, Ltd. v. Citicorp Mortgage, Inc.*, 826 F. Supp. 460, 466 (N.D. Ga. 1993) aff'd sub nom. *Breckenridge Creste v. Citicorp*, 21 F.3d 1126 (11th Cir. 1994) (injury proximately caused by reasonable reliance is necessary element of fraud in the inducement claim under Georgia law); *Longino v. Bank of Ellijay*, 228 Ga. App. 37, 41 (1997) ("[A] private plaintiff who wants to recover under civil RICO must show some injury flowing from one or more predicate acts."); O.C.G.A § 10-5-58(c)(3) (defining measure of damages under Georgia Uniform Securities Act).

2. <u>Counts 1, 6, 9 and 10 should be separately dismissed for failure to state a claim.</u>

While the entire Complaint fails under Rules 8(a)(2) and 9(b), and separately under Rule 12(b)(6) due to the absence of non-conclusory allegations regarding

---

did not apply to plaintiff's tort claims because it "[did] not state that any and all claims arising out of the relationship between the parties shall be governed by [another state's] law"); *see also Glaesner v. Beck/Arnley Corp*., 790 F.2d 384, 386 (4th Cir. 1986) (declining to apply contractual choice-of-law provision where "[n]o issue of contractual construction, interpretation, or enforceability [was] raised . . . ."); *Butler v. Ford Motor Co*., 724 F. Supp. 2d 575, 581 (D.S.C. 2010) ("In applying the South Carolina choice of law provision, this Court must apply the law of the state where the injury occurred . . . to Plaintiff's tort-based claims.").

purported damages, Counts 1, 6, 9, and 10 fail under Rule 12(b)(6) for the additional reasons discussed below.

a. *Plaintiff's breach of contract claim (Count 1) fails to identify a specific contract term allegedly breached.*

To survive a motion to dismiss, a breach of contract claim must identify the particular contract provision breached and damages based on that alleged breach. *See Steffens v. Am. Home Mortgage Servicing, Inc*., No. CIV.A. 6:10-1788-JMC, 2011 WL 901812, at *6 (D.S.C. Jan. 5, 2011), *report and recommendation adopted sub nom.*, *Steffens v. Am. Home Mortgage Servicing, Inc.,* No. 6:10-CV-01788-JMC, 2011 WL 901179 (D.S.C. Mar. 15, 2011) (dismissing breach of contract claim because "plaintiff has not alleged the elements for breach of contract as she has not identified any provision in a contract with the defendant that was breached"); *Taylor v. Converse Coll*., No. 2012-UP-601, 2012 WL 10864151, at *4 (S.C. Ct. App. Nov. 7, 2012) (affirming grant of summary judgment were plaintiff "failed to identify a single provision" of the contract that defendant breached).[11] Here, Plaintiff fails to identify any particular breach of any term of the written agreement between the parties. *See generally* Compl. ¶¶ 55-60; 70-75.

---

[11] Although the breach of contract claim is governed by South Carolina law, the result is the same under Georgia law. *See Am. Casual Dining, L.P. v. Moe's Sw. Grill, LLC*, 426 F. Supp. 2d 1356, 1369 (N.D. Ga. 2006) (a party who "cannot point to any contractual provision that [the defendant] breached . . . cannot state a claim for breach of contract . . . .")

Accordingly, Plaintiff's claim for breach of contract (Count 1) fails.[12]

      b.   *Plaintiff's constructive fraud claim (Count 6) is inactionable.*

Under Georgia law, "[c]onstructive fraud consists of any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another." O.C.G.A. § 23-2-51. "[C]onstructive fraud [,however,] is an equitable doctrine and cannot be used as a means to recover damages." *Rowland v. Rowland*, No. 1:04-CV-2068-TWT, 2005 WL 3096169, at *6 (N.D. Ga. Nov. 18, 2005); *see also Aliabadi v. McCar Dev. Corp.*, 249 Ga. App. 309, 313 (2001) (same); *Wall v. Century 21 Winnerville Realty, Inc.,* 244 Ga. App. 762, 765 (2000) (same). Because Plaintiff seeks only money damages, not equitable relief, *see* Compl. at p. 38 ("Prayer for Relief"), her constructive fraud claim fails as a matter of law. *See Wall*, 244 Ga. App. at 765 (constructive fraud claim fails "[b]ecause the [plaintiffs] do not seek equitable relief, but simply seek money damages[.]"); *Rowland,* 2005 WL 3096169, at *6 (same).

---

[12] To the extent the remainder of Plaintiff's counts are based on an alleged breach of the 2006 contract or advice provided in 2006, they likewise fail. *See, e.g.,* S.C. Code Ann. § 15-3-530(1) (three-year statute of limitations for breach of contract claim); *Paul v. Destito*, 250 Ga. App. 631, 636 (2001) (four-year statute of limitations applicable to fraud claim); *Godwin v. Mizpah Farms, LLLP*, 330 Ga. App. 31, 37 (2014) (four-year statute of limitations for breach of fiduciary duty claim). Unfortunately, the Complaint fails to allege the date of the alleged breaches and alleged representations. This is yet another reason to dismiss the claim under Rules 8(a)(2) and 9(b).

c.   *Plaintiff's Georgia RICO count (Count 10) should be dismissed.*

Local Rule 33.3 <u>requires</u> all RICO claimants to "set forth detailed responses to the interrogatories contained in [Rule 33.3]" for the purpose of "aiding the Court and the RICO defendants in ascertaining the validity and scope of the RICO claims." These responses must be filed with the Complaint. *Id.* "Failure to timely and completely furnish all the information called for in this rule may result in dismissal of the RICO claim and/or other appropriate sanctions." *Id.* The Court should dismiss Plaintiff's Georgia RICO count (Count 10) for failure to comply with Rule 33.3.

d.   *Plaintiff's "Conspiracy" count fails to state a valid claim.*

Count 9 purports to assert a stand-alone cause of action for conspiracy. *See* Compl. ¶¶ 132-134 (containing conclusory conspiracy allegations). "[W]here a plaintiff seeks to impose civil liability for a conspiracy, the conspiracy in and of itself furnishes no independent cause of action. Rather, the gist of the action, if a cause of action exists, is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage." *Nalley v. Langdale*, 319 Ga. App. 354, 362 n.15 (2012) (citations and quotations omitted). Plaintiff's claim for "conspiracy" is not valid under Georgia law and should be dismissed.

## CONCLUSION

Plaintiff's shotgun blast complaint is condemned in this Circuit for good reason—it unnecessarily expands the proceedings and fails to allow Defendants to frame proper responsive pleadings. For the reasons set forth above, the Court should dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

**[SIGNATURE ON FOLLOWING PAGE]**

Respectfully submitted this 9th day of April, 2015.

**PARKER, HUDSON,
RAINER & DOBBS, LLP**

*/s/ William J. Holley, II*
William J. Holley, II (Lead Counsel)
Georgia Bar No. 362310
wholley@phrd.com
Scott E. Zweigel
Georgia Bar No. 786616
szweigel@phrd.com
285 Peachtree Center Avenue, N.E.
1500 Marquis Two Tower
Atlanta, Georgia 30303
Telephone: (404) 523-5300

-with-

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
D. Larry Kristinik
Larry.Kristinik@nelsonmullins.com
*Petition for admission Pro Hac Vice to be
filed*
Kristen Horne
Kristen.Horne@nelsonmullins.com
*Petition for admission Pro Hac Vice to be
filed*
Meridian, 17th Floor
1320 Main Street
Columbia, SC 29201
Telephone: (803)799-2000

*Counsel for Defendants Branch Banking
and Trust Company and Sterling Capital
Management, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 9, 2015, I electronically filed the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered counsel of record in this action.

This 9th day of April, 2015.

/s/ William J. Holley, II
William J. Holley, II

3751239_1