**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **EFFIE CAMPBELL SIEGLING** | ) | |
| **BOWERS by and through her** | ) | |
| **ATTORNEY-IN-FACT TERRELL W.** | ) | |
| **BOWERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 4:15-cv-00011-MTT** |
| | ) | |
| **BRANCH BANKING AND TRUST** | ) | |
| **COMPANY, Successor in merger to** | ) | |
| **BRANCH BANKING AND TRUST** | ) | |
| **COMPANY OF SC, and STERLING** | ) | |
| **CAPITAL MANAGEMENT, LLC,** | ) | |
| **Successor in merger to BB&T ASSET** | ) | |
| **MANAGEMENT, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

**PLAINTIFF'S FACTUAL ALLEGATIONS** ........................................................... 1

   A.   **The Parties had a contractual relationship.** .......................................... 1

   B.   **On Defendants' advice, Plaintiff entered into Variable Prepaid Forward Contracts with Third-Parties.** ....................................................... 2

   C.   **Mrs. Bowers asserted eleven purported claims** .................................. 3

**ARGUMENT AND CITATION OF AUTHORITY** .................................................. 4

   A.   **Plaintiff's Amended Complaint fails all applicable pleading standards.** ................ 4

     1.   The Amended Complaint is an impermissible shotgun pleading. ................................ 4

     2.   Plaintiff's fraud-based counts fail to satisfy the pleading standards of Rule 9(b). ......... 6

   B.   **Separately, Rule 12(b)(6) dooms the remaining counts.** .......................................... 8

     1.   The Amended Complaint lacks non-conclusory damages allegations. All claims, therefore, fail. ............................................................. 9

     2.   Other pleading failures likewise doom Counts 1, and 3–11. ........................................ 11

       a.   *Plaintiff's breach of contract claim (Count 1) fails to identify a specific contract term allegedly breached.* .................................................. 11

       b.   *Breach of contract accompanied by a fraudulent act (Count 3) is not a recognized cause of action in Georgia and should be dismissed.* ............................................. 12

       c.   *Plaintiff's Georgia Uniform Securities Act claim (Count 4) cannot be brought against BB&T and fails for lack of specificity.* ....................................... 12

       d.   *Plaintiff's remaining fraud counts (Counts 5–8) fail to state a claim.* ..................... 12

         i.   The Amended Complaint lacks actionable allegations of false misrepresentations of material fact made by Defendants. .................................................. 13

         ii.   The Amended Complaint lacks plausible allegations of any knowledge of falsity or fraudulent intent. ................................................. 15

         iii.   Plaintiff cannot identify justifiable reliance. ............................................. 15

       e.   *Plaintiff's constructive fraud claim (Count 6) is inactionable.* .............................. 16

       f.   *Plaintiff's "Conspiracy" count (Count 9) fails to state a valid claim.* ..................... 16

       g.   *Plaintiff's Georgia RICO count (Count 10) should be dismissed.* ............................ 17

       h.   *Plaintiff failed to provide adequate notice to support a Georgia Fair Business Practices Act ("FBPA") claim (Count 11), which also fails on substance.* ............ 18

**CONCLUSION** ............................................................................. 19

Plaintiff's Amended Complaint adds some weight, and rhetoric, but no legal substance to her eleven fraud-based counts. Critically, Plaintiff cries "fraud" but never identifies <u>who</u> made alleged misrepresentations, <u>to</u> <u>whom</u> they were made, <u>when</u> they were made, <u>where</u> they were made, or <u>how</u> they were made. The pleading remains an impermissible "shotgun" pleading, incorporating by reference more than 1900 allegations. Separately, each claim fails as a matter of law. For the reasons more fully set forth below, the Court should dismiss Plaintiff's Amended Complaint in its entirety.

## PLAINTIFF'S FACTUAL ALLEGATIONS[1]

### A.      The Parties had a contractual relationship.

This is a single plaintiff case brought against two distinct defendants. Plaintiff Effie Bowers, now 93, in 1946 moved to the Columbus, Georgia hometown of her now-deceased husband. (Am. Compl. ¶¶ 1, 14, 15.) Mr. Bowers knew the founders of American Family Life Assurance Company of Columbus, now known as AFLAC, and made an early, extremely fortuitous investment in AFLAC stock. (*Id.* ¶ 17.) This investment blossomed exponentially such that, as of "the mid-2000s," Mrs. Bowers owned a concentrated, single position consisting of "hundreds of thousands of shares in AFLAC stock." (*Id.* ¶¶ 17–24.)

Defendant Branch Banking and Trust Company ("BB&T") is a bank; Defendant Sterling Capital Management, LLC ("Sterling") is an investment advisory company. (*Id.* ¶¶ 4, 7.) Without explanation, Plaintiff's Amended Complaint purports to conflate BB&T with Sterling's predecessor company (BB&T Asset Management, LLC) into a single entity referred to collectively as "BB&T." (*Id.* ¶ 8.)

---

[1] On this motion to dismiss, the Court must accept the truth of the *facts* alleged in the Amended Complaint, but should not accept conclusory allegations, opinions, and legal conclusions. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009); *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996). Defendants do not admit that the alleged facts are true.

On August 16, 2006, Mrs. Bowers entered into a written Wealth Management Agreement with the predecessors to BB&T and Sterling. (*See id.* ¶ 30; *id.* at Ex. 1 (the "Agreement").[2]) Pursuant to the Agreement, BB&T's Wealth Management Division performed wealth management services and Sterling performed investment advisory services. (*Id.*)

**B.      On Defendants' advice, Plaintiff entered into Variable Prepaid Forward Contracts with Third-Parties.**

To address tax and cash flow issues associated with Mrs. Bowers' highly concentrated position and low cost basis in AFLAC stock, BB&T and/or Sterling discussed a strategy with Mrs. Bowers to monetize her AFLAC position in order to create a diversified wealth management portfolio with substantial tax benefits.[3] (Am. Compl. ¶¶ 35–39, 45, 46, 48.) To monetize her AFLAC stock position without immediate tax penalty, the agreed strategy included an investment vehicle called a Variable Prepaid Forward Contract ("VPFC"). (*Id.* ¶ 36.)

Stated simply, the VPFC was a "hedging" strategy that allowed Mrs. Bowers to pledge AFLAC stock to an investment bank in return for an immediate substantial cash payment without incurring tax on the increased value of the stock at the time of the transaction. (*Id.* ¶¶ 36, 39, 44–45.) The strategy was designed both to raise cash in order to allow Mrs. Bowers to diversify her portfolio, and to allow for a potential stepped-up cost basis to lessen taxes. (*Id.* ¶ 39.) The initial term of Mrs. Bowers' first VPFC was three years. (*Id.* ¶ 44.) Before the expiration of her first VPFC, Mrs. Bowers entered into a second VPFC transaction in a transaction referred to as a "rollover." (*Id.* ¶ 51.) To date, Mrs. Bowers has entered into four rollover VPFC transactions, the

---

[2] The Court can consider the Agreement in assessing this motion to dismiss. *See LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (the Court may consider "documents central to or referenced in the complaint"); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (same).

[3] Though not revealed in her Amended Complaint, Mrs. Bowers was represented in these discussions by her own professional advisors, including a tax attorney and a certified public accountant.

last occurring in June 2014. (*Id.*) The Amended Complaint does not specify what income or tax benefits Mrs. Bowers received during each rollover, or the current value of her portfolio. Likewise, Mrs. Bowers does not set forth any particular damage alleged to have been caused by any particular act or omission by either Defendant. To the contrary, the Amended Complaint alleges that Defendants <u>returned</u> certain fees charged to Mrs. Bowers related to the VPFCs — a refund of $192,082 — in November 2012. (*Id.* ¶ 54; *id.* Ex. 2.)

## C.      Mrs. Bowers asserted eleven purported claims.

After obtaining the benefits of VPFCs over an eight-year time period, after receiving a fee refund of $192,082, and after having completed her fourth VPFC rollover, Mrs. Bowers now complains that the VPFC strategy was "too risky, imprudent and unsuitable for an elderly and unsophisticated investor like her . . ." and that Defendants failed to adequately disclose the strategy risk.[4] (Am. Compl. ¶¶ 24, 43, 53; *id.* at Ex. 2.) Based on these contentions, she purports to assert claims against Defendants for: (1) breach of contract; (2) breach of fiduciary duty; (3) breach of contract accompanied by fraudulent act; (4) state securities act violations; (5) fraudulent misrepresentation; (6) constructive fraud; (7) fraud in the inducement; (8) negligent misrepresentation; (9) civil conspiracy; (10) violation of the Georgia RICO Act; and (11) violation of the Georgia Fair Business Practices Act. (*Id.* ¶¶ 64–174.)

---

[4] Although not germane to this motion, this assertion ignores the sophistication of Mrs. Bowers' personal professional advisors, including an attorney with significant tax, estate planning, and securities experience and a certified public accountant.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    Plaintiff's Amended Complaint fails all applicable pleading standards.[5]**

The Court should dismiss the Amended Complaint because it is a shotgun pleading and fails to state a claim under Federal Rules 8(a)(2) and 9(b).

1.    <u>The Amended Complaint is an impermissible shotgun pleading</u>.

The Court should dismiss Plaintiff's Amended Complaint because it is an impermissible "shotgun" pleading. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–26 (11th Cir. 2014). The Eleventh Circuit has condemned shotgun pleadings "upward of fifty times." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008); *see also Paylor*, 748 F.3d at 1125 n.2 (collecting 23 published cases in which "[a]ll of the judges of this court, active and senior, have either authored or concurred in an opinion condemning shotgun pleadings."). It has cautioned that "[p]laintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claim; worse yet, they file shotgun complaints to extort the settlement of unmeritorious claims." *Davis*, 516 F.3d at 982 (quotation omitted). "The result is a massive waste of judicial and private resources; moreover, the litigants suffer, and society loses confidence in the courts' ability to administer justice." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (quotation omitted).

---

[5] The most significant difference between the inadequate Complaint and likewise inadequate Amended Complaint is the addition of issue preclusion and collateral estoppel allegations and legal argument. (Am. Compl. ¶¶ 58–63.) Notwithstanding that they are wrong, these arguments and allegations should not be considered at this stage. When deciding a motion to dismiss, the Court should "eliminate any allegations in the complaint that are merely legal conclusions," such as Plaintiff's incorrect preclusion and estoppel conclusions. *ADA v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010); *see also Branham v. Astrue*, No. 7:08-CV-123-HL, 2009 WL 1025393, at *1 (M.D. Ga. Apr. 15, 2009) (rejecting complaint because it "is an argument about the merits of his claim rather than a complaint for relief."); *Newton v. Gates*, No. 1:08-CV-02321-WSD, 2009 WL 541373, at *1 n.5 (N.D. Ga. Mar. 4, 2009) ("The Court notes that Plaintiff's Amended Complaint improperly contains legal argument . . .").

4

A shotgun pleading is one that: (1) fails to specify the facts relevant to each claim and adopts all facts within each claim, (2) asserts claims against a number of defendants without specification, and (3) contains a plethora of causes of action "supported by a laundry list of legal theories." *See* Hon. Emmett Ripley Cox, *Thirty-Two Years on the Federal Bench*, 66 FLA. L. REV. 1685, 1691–92 (2014). The Amended Complaint here epitomizes this definition.

First, each of Plaintiff's eleven counts incorporates "the relevant allegations contained in the preceding and subsequent paragraphs . . . insofar as they are not inconsistent with the allegations" of that respective count. (Am. Compl. ¶¶ 64, 72, 81, 89, 98, 113, 126, 138, 152, 158, 166.) Together, that totals 1903 incorporated allegations (or 2475 allegations including subparts), added to what is already a 48-page complaint. To make matters worse, the Amended Complaint also fails to detail specific facts relevant to any of the claims; instead relying on general, conclusory allegations. And, nearly all allegations in each count overlap significantly.

Second, the Amended Complaint lacks allegations regarding the alleged actionable conduct of each individual defendant. Instead, the Amended Complaint lumps both Defendants together indiscriminately—using the generic term "Defendants" over 150 times and the conflated term "BB&T" (referring to both BB&T and Sterling) over 80 times. This is plainly impermissible under well-established Eleventh Circuit precedent. *See West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) ("In a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient"); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (stating similar).

Third, though Plaintiff purports to assert eleven claims, each is based on the same alleged activity and each contains a nearly identical laundry list of conclusory allegations. (*See, e.g.*, Am.

5

Compl. ¶¶ 68, 77, 85, 154.) The "everything but the kitchen sink" Amended Complaint is rife with duplicative counts — for example, at least nine different iterations of a fraud claim.[6] Worse, while the nine "fraud" claims are all based on nearly identical "facts," none ever identifies the alleged misrepresentations with any particularity. (*See, e.g.*, *id.*) Plaintiff's counts hide behind legal conclusions and do not provide Defendants the ability to discern what truly is alleged.

Recently the Eleventh Circuit advised defendants facing shotgun pleadings to move for dismissal. *See Paylor*, 748 F.3d at 1126 ("A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) . . . ."); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) ("[A] defendant faced with a [shotgun] complaint . . . is not expected to frame a responsive pleading."). Because Plaintiff's Amended Complaint is a shotgun pleading, this Court should dismiss it.

2.      Plaintiff's fraud-based counts fail to satisfy the pleading standards of Rule 9(b).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Such particularity is required to ensure that defendants have fair notice of "the precise misconduct with which they are charged" and to safeguard defendants against "spurious charges of immoral and fraudulent behavior." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1277 (11th Cir. 2006) (quotation omitted).

Each of the Amended Complaint's counts, whether styled as tort or contract, sound in fraud. Thus, the purported claims for fraud, breach of fiduciary duty based on alleged fraud,

---

[6] These claims are labeled: "breach of fiduciary duty" based on alleged fraud (Count 2); "breach of contract accompanied by fraudulent act" (Count 3); state securities fraud (Count 4); "fraudulent misrepresentation" (Count 5); "constructive fraud" (Count 6); "fraud in the inducement" (Count 7); "negligent misrepresentation" (Count 8); "civil conspiracy" based in part on alleged fraud (Count 9); and Georgia RICO violations based on alleged fraud (Count 10).

breach of contract accompanied by fraudulent act, fraudulent misrepresentation, constructive fraud, fraud in the inducement, negligent misrepresentation, conspiracy, RICO violations, and securities fraud must satisfy Rule 9(b). *See* Fed. R. Civ. P. 9(b); *DIRECTV, LLC v. Stanley Wells*, No. 1:13-CV-28-WLS, 2013 WL 6036686, at *2 (M.D. Ga. Nov. 13, 2013) (applying 9(b) standard to negligent misrepresentation claims); *Duncan v. CitiMortgage, Inc.*, No. 1:13-CV-1493-TWT, 2014 WL 172228, at *10–11 (N.D. Ga. Jan. 15, 2014) (applying 9(b) standard to Georgia RICO claim); *Albert v. Citimortgage, Inc.*, No. 1:10-CV-03238-RWS, 2011 WL 1085148, at *2 (N.D. Ga. Mar. 21, 2011) (dismissing fraud in the inducement claim for failure to meet Rule 9(b) standard); *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1208 (11th Cir. 2001) (dismissing securities fraud claim for failure to satisfy Rule 9(b) standard); *Duracell Inc. v. SW Consultants, Inc.*, 126 F.R.D. 571, 574 (N.D. Ga. 1989) (dismissing constructive fraud claim for failure to satisfy Rule 9(b) standard); *Wagner*, 464 F.3d at 1278 (fraud allegations in non-fraud claim must satisfy 9(b)).

To satisfy Rule 9(b), Plaintiff must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba*, 256 F.3d at 1202 (quotation omitted). In short, Plaintiff must set forth the "who, what, when, where, and how" of Defendants' allegedly fraudulent behavior. *See Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1219 n.9 (N.D. Ga. 2012). Plaintiff, however, does not come close to satisfying any of these requirements of Rule 9(b).

Plaintiff vaguely describes the general "what" of the misrepresentations, but not the "who," "when," "where," or "how." The Amended Complaint does not identify a person, let alone a specific defendant, who is alleged to have made misrepresentations, the specific misrepresentations made, when such misrepresentations were made,[7] or any of the circumstances surrounding the alleged fraudulent representations.[8] Lacking particularity, the conclusory allegations contained in the Amended Complaint are not sufficient to survive a motion to dismiss.[9] Accordingly, the Court should dismiss Counts 2–10 — claims for fraud, breach of fiduciary duty based on alleged fraud, breach of contract accompanied by fraudulent act, securities fraud, fraudulent misrepresentation, constructive fraud, fraud in the inducement, negligent misrepresentation, conspiracy, and state RICO violations — pursuant to Rule 9(b).

## B.   Separately, Rule 12(b)(6) dooms the remaining counts.

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to

---

[7] Plaintiff's counts appear to allege fraud solely with respect to the underlying 2006 VPFC contract. Though Plaintiff alleges the she engaged in subsequent rollovers (Am. Compl. ¶ 51), the Amended Complaint lacks any allegations of fraud regarding subsequent rollovers. Plaintiff does not identify a single specific misrepresentation or omission relating to the subsequent rollovers. Nor does she offer any statement to support reliance. Instead, Plaintiff merely concludes: "the VPFC strategy trapped Mrs. Bowers into a never-ending series of rollovers throughout her lifetime . . . ." (*Id.* ¶ 43.)

[8] Defendants' concerns regarding the lack of particularity are not merely academic; instead, the lack of particularity directly affects Defendants' ability to frame a responsive pleading. For example, Plaintiff alleges that "she has been experiencing a decline of mental acuity, memory and understanding such that she has become unable to manage the ordinary affairs of life" (Am. Compl. ¶ 13); yet, alleges that she "relied upon the representations made to her by the Defendants." (*Id.* ¶ 106; *see also, e.g., id.* ¶ 110.) Because the Amended Complaint does not indicate when, to whom, by whom, where or how the alleged representations were made, it is impossible to determine from the allegations whether the representations were made to Plaintiff or to individuals acting on her behalf, let alone whether "Plaintiff's" reliance was justifiable or even possible.

[9] The only statement that Plaintiff pleads with any particularity is the written statement referenced in Paragraphs 54–55 of the Amended Complaint regarding the purpose for refunding certain fees to Plaintiff's account in 2012 — well after Plaintiff and her advisors agreed to pursue the VPFC strategy. In other words, the statement came after the alleged fraud that "damaged" Plaintiff.

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation

omitted). "The plausibility standard . . . asks for more than a sheer possibility that a defendant

has acted unlawfully." *Id.* "Rule 8 . . . does not unlock the doors of discovery for a plaintiff

armed with nothing more than conclusions." *Id.* at 678–79. Here, Plaintiff has not, and cannot,

set forth "enough factual matter (taken as true) to suggest [each] required element" of the counts.

*See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quotation omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Conclusory allegations, like those pled by

Plaintiff, fail "to state a claim for relief that is plausible on its face." *See id.* at 570. For example,

the Amended Complaint lacks specific allegations of damage caused by Defendants' alleged

conduct and the nine fraud-based counts rest entirely on allegations of unspecified, "false"

"misrepresentations" with no identification of what statements were made, by who, or when. The

Supreme Court condemned Plaintiff's technique when it held that pleading "requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555.

1.    The Amended Complaint lacks non-conclusory damages allegations. All claims,
      therefore, fail.

Plaintiff's damages contentions are vague, overbroad conclusions to the effect that she

"has been directly and proximately damaged as a result of Defendants' breaches" (Am. Compl. ¶

69), "suffered damage in violation of the laws of the State of Georgia" (*id.* ¶ 86) and that her

"reliance upon Defendants' representations were the proximate cause of the damages that she has

suffered." (*Id.* ¶¶ 123, 135, 149; *see also id.* ¶¶ 78, 95, 110, 155, 163 (containing additional

conclusory allegations of damage).) Such conclusory statements are insufficient to state a claim.

*See Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) ("[L]egal

conclusions masquerading as facts will not prevent dismissal."). To that end, the only particular contentions regarding Plaintiff's damages allege that Plaintiff received over $192,000 from Defendants. (Am. Compl. ¶¶ 54–55, Ex. 2.) A complaint lacking non-conclusory damage allegations, but containing particular allegations regarding a $192,000 benefit Plaintiff received, does not set forth recoverable damages.

Absent plausible damages proximately caused by specific, alleged misconduct or breach of contract, Plaintiff's claims are inactionable and should be dismissed. *See, e.g.*, *Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 48 (S.C. Ct. App. 2009) (damages caused by breach required element of breach of contract claim);[10] *Barnes v. White Cnty. Bank*, 170 Ga. App. 681, 682 (1984) ("[A]n essential element of actionable fraud of any kind is damage.");[11] *Ogle v. Waters*, 301 Ga. App. 27, 27 (2009) (damage proximately caused by breach is required element of breach of fiduciary duty claim); *Marquis Towers, Inc. v. Highland Grp.*, 265 Ga. App. 343, 346 (2004) ("[E]conomic injury proximately resulting from [reasonable] reliance" is essential element of negligent misrepresentation claim under Georgia law); *Breckenridge Creste Apartments, Ltd. v. Citicorp Mortgage, Inc.*, 826 F. Supp. 460, 466 (N.D. Ga. 1993) *aff'd*, 21 F.3d 1126 (11th Cir. 1994) (injury proximately caused by reasonable reliance is necessary element of fraud in the inducement claim under Georgia law); *Longino v. Bank of Ellijay*, 228 Ga. App. 37, 41 (1997) ("[A] private plaintiff who wants to recover under civil RICO must show

---

[10] The Wealth Management Agreement provides that "[t]his Agreement will be governed by the internal laws of the State of SC without reference to principles of conflict of laws." (Am. Compl., Ex. 1 at 6). Accordingly, Plaintiff's breach of contract claim is governed by South Carolina law. *See, e.g.*, *Ashley River Props. I, LLC v. Ashley River Props. II, LLC*, 374 S.C. 271, 280 (S.C. Ct. App. 2007) ("If the contract's language is clear and unambiguous, the language alone determines the contract's force and effect.").

[11] Georgia law applies to Plaintiff's tort claims. *See Bullard v. MRA Holding, LLC*, 292 Ga. 748, 750 (2013) ("[A] tort action is governed by the substantive law of the state where the tort was committed.").

some injury flowing from one or more predicate acts."); O.C.G.A § 10-5-58(c)(3) (defining measure of damages under Georgia Uniform Securities Act).

    2.    <u>Other pleading failures likewise doom Counts 1, and 3–11.</u>

While the entire Amended Complaint fails under Rules 8(a)(2) and 9(b), and separately under Rule 12(b)(6) for lack of alleged damages, ten of the Amended Complaint counts fail for additional, independent reasons.

    a.    *Plaintiff's breach of contract claim (Count 1) fails to identify a specific contract term allegedly breached.*

To survive a motion to dismiss, a breach of contract claim must identify the particular contract provision breached and damages based on that alleged breach. *See Steffens v. Am. Home Mortgage Servicing, Inc.*, No. CIV.A. 6:10-1788-JMC, 2011 WL 901812, at *6 (D.S.C. Jan. 5, 2011), *adopted*, 2011 WL 901179 (D.S.C. Mar. 15, 2011) (dismissing breach of contract claim because "plaintiff has not alleged the elements for breach of contract as she has not identified any provision in a contract with the defendant that was breached"); *Taylor v. Converse Coll.*, No. 2012-UP-601, 2012 WL 10864151, at *4 (S.C. Ct. App. Nov. 7, 2012) (affirming grant of summary judgment were plaintiff "failed to identify a single provision" of the contract that defendant breached).[12] Here, Plaintiff fails to identify any particular breach of any term of the written agreement between the parties. (*See generally* Am. Compl. ¶¶ 65–71; 82–88.) Accordingly, Plaintiff's claim for breach of contract (Count 1) fails.[13]

---

[12] Although the breach of contract claim is governed by South Carolina law, the result is the same under Georgia law. *See Am. Casual Dining, L.P. v. Moe's Sw. Grill, LLC*, 426 F. Supp. 2d 1356, 1369 (N.D. Ga. 2006) (a party who "cannot point to any contractual provision that [the defendant] breached . . . cannot state a claim for breach of contract . . . .").

[13] To the extent Plaintiff's counts are based on an alleged breach of the 2006 contract or advice provided in 2006, they likewise fail. *See, e.g.*, S.C. Code Ann. § 15-3-530(1) (three-year statute of limitations for breach of contract claim); *Paul v. Destito*, 250 Ga. App. 631, 636 (2001) (four-year statute of limitations applicable to fraud claim); *Godwin v. Mizpah Farms, LLLP*, 330

> b.  *Breach of contract accompanied by a fraudulent act (Count 3) is not a recognized cause of action in Georgia and should be dismissed.*

In Count 3, Mrs. Bowers alleges that "Defendants' breaches of contract accompanied by fraudulent acts . . . [are] in violation of the laws of the State of Georgia." (Am. Compl. ¶ 86.) Leaving aside that Plaintiff has not adequately pleaded the fraud on which Count 3 is predicated (*see* Section B.2.d, *infra*), Georgia law does not recognize such a hybrid tort claim resulting in contract damages.

> c.  *Plaintiff's Georgia Uniform Securities Act claim (Count 4) cannot be brought against BB&T and fails for lack of specificity.*

Count 4 must be dismissed as to BB&T because it was not a "person acting as an investment adviser or investment adviser representative." *See* O.C.G.A. § 10-5-58(e) and (f) (outlining elements of securities act liability for investment advisers).[14] Separately, this claim also fails as to both Defendants because Plaintiff has not adequately pleaded the fraud on which it is predicated. (*See* Section B.2.d, *infra*.)

> d.  *Plaintiff's remaining fraud counts (Counts 5–8) fail to state a claim.*

In Georgia, the elements of fraud are: (1) a false representation by a defendant of a material fact; (2) scienter, or knowledge of the falsity by the defendant; (3) an intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. *Stiefel v. Schick*, 260 Ga. 638, 639 (1990); *Brown v. Morton*, 274 Ga. App. 208,

---

Ga. App. 31, 38–39 (2014) (four-year statute of limitations for breach of fiduciary duty claim). Unfortunately, perhaps to avoid dismissal, the Amended Complaint fails to allege the date of the alleged breaches and representations. This is yet another reason to dismiss under Rules 8(a)(2) and 9(b).

[14] This claim as to both Defendants also appears to be barred by the applicable two-year statute of limitation. *See* O.C.G.A. § 10-5-58(j)(2) ("A person may not obtain relief . . . unless the action is instituted within the earlier of two years after discovery of the facts constituting the violation or five years after the violation occurred.").

210 (2005); *Int'l Indem. Co. v. Terrell*, 178 Ga. App. 570, 574 (1986).[15] Because the Amended Complaint lacks plausible, non-conclusory allegations supporting these five elements, Plaintiff's fraud claims (Counts 5–8) are not actionable as a matter of law.[16]

        i.      The Amended Complaint lacks actionable allegations of false
             misrepresentations of material fact made by Defendants.

The Amended Complaint's four alleged "misrepresentations" are not sufficient to support a cause of action for fraud.

First, Plaintiff's fraud claim rests on the alleged misrepresentation that "Defendants represented to Mrs. Bowers that they would perform duties and provide services specified in the . . . Agreement, although they had no intention or ability to act as promised." (Am. Compl. ¶ 99.) This representation is contractual in nature. As such, it is not actionable to support a tort claim. *See Wells Fargo Bank, N.A. v. Averett Family P'ship, LLLP*, Case No. 4:12-CV-140 CDL, 2012 WL 6728058, at *5 (M.D. Ga. Dec. 28, 2012) ("[A] defendant's breach of a contract may give rise to a tort cause of action only if the defendant has also breached an independent duty created by statute or common law."); *Kraft Real Estate Investments, LLC v. HomeAway.com, Inc.*, No.

---

[15] The elements for fraud in the inducement and negligent misrepresentation are similar. *See Marquis Towers, Inc.*, 265 Ga. App. at 346 ("The essential elements of negligent misrepresentation are '(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance.'"); *Breckenridge Creste Apartments, Ltd.*, 826 F. Supp. at 466 ("Under Georgia law, proof of fraud in the inducement requires evidence of 'a misrepresentation by defendant of a material existing fact, with knowledge that it was false or with reckless disregard as to whether it was true, with intent to deceive plaintiff, and plaintiff acted upon the misrepresentation in reasonable reliance upon its veracity in a manner which caused a proximate injury.'").

[16] Plaintiff's counts appear to allege fraud solely with respect to the underlying 2006 VPFC contract. Though Plaintiff alleges the she engaged in subsequent rollovers (Am. Compl. ¶ 51), the Amended Complaint does identify a single specific misrepresentation or omission relating to the subsequent rollovers. Nor does she offer any statement to support reliance. Instead, Mrs. Bowers merely concludes: "the VPFC strategy trapped Mrs. Bowers into a never-ending series of rollovers throughout her lifetime . . . ." (*Id*. ¶ 43.E.)

4:08-CV-3788, 2012 WL 220271, at *17 (D.S.C. Jan. 24, 2012) ("It is well-settled that if the alleged tort arises out of a contract, an independent relationship must exist, irrespective of the contract, that would give rise to a duty.").

The second alleged misrepresentation — that "Defendants represented . . . that [they were] highly trained, thoroughly knowledgeable, and dedicated to championing client interests, and that [they] specialized in working with clients to develop an individualized, client-centric and conservative investment strategy . . ." (Am. Compl. ¶¶ 100, 114, 140) — constitutes puffery. "[M]ere puffing," however, is not actionable under Georgia law. *See Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1028 (11th Cir. 2003).

Plaintiff's third alleged misrepresentations — "that [Defendants] had special expertise in VPFCs and that the investment strategy . . . would allow Mrs. Bowers to reduce the risk of her concentrated position, protect her from losses in the overall value of her investment portfolio and resulting net worth, and help her achieve important diversification goals" (Am. Compl. ¶¶ 101, 115; *see also id.* ¶¶ 127, 140) — are "plainly not actionable under a fraud theory, as [they are] framed as a mere opinion[s] as to future events." *Ellis*, 318 F.3d at 1027.

Finally, the fourth alleged misrepresentation — that "Defendants further misrepresented the facts related to the November 2012 fee refund . . ." (Am. Compl. ¶¶ 77.O, 85.K, 104, 118, 132, 143) — is not actionable because it is unrelated to the underlying transactions, because no proximate cause exists connecting it to Plaintiff's alleged damages, and because Plaintiff does not adequately allege detrimental reliance on the 2012 statement regarding a fee refund.

Because Plaintiff's misrepresentation allegations are not sufficient to support actionable fraud under Georgia law, the Court should dismiss all claims predicated on such allegations.

> ii.   The Amended Complaint lacks plausible allegations of any knowledge of falsity or fraudulent intent.

Actionable fraud requires allegations of knowledge of falsity and intention to induce the plaintiff to act or refrain from acting. *See Comsouth Teleservices v. Liggett*, 243 Ga. App. 446, 449 (2000); *J.E. Black Constr. Co. Inc. v. Ferguson Enters., Inc.*, 284 Ga. App. 345, 348 (2007) (affirming summary judgment when there was "no evidence that [defendant] intended to induce [plaintiff] to act or refrain from acting."). Under *Iqbal*, allegations of knowledge/fraudulent intent must be plausible. *Iqbal*, 556 U.S. at 678 ("[t]he plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.") The Amended Complaint, however, is devoid of any non-conclusory allegations that Defendants knew that the representations regarding their experience or the recommendation that VPFCs would be beneficial to Mrs. Bowers' financial situation were false. Because Plaintiff's allegations do not include plausible allegations that Defendants acted with knowledge of falsity, she cannot establish the scienter element of actionable fraud.

> iii.   Plaintiff cannot identify justifiable reliance.

"[U]nless there is detrimental reliance on the alleged misrepresentation, resulting in damage to the plaintiff, there can be no action for fraud." *Terrell*, 178 Ga. App. at 574. *See also Meyer v. Waite*, 270 Ga. App. 255, 257–58 (2004) (affirming summary judgment when justifiable reliance not present). Plaintiff's chief complaint is that she lost money on the VPFC transactions. Plaintiff never identifies facts establishing that she relied on any specific misrepresentation when deciding to engage in the VPFC transactions, nor does she indicate to whom, when, where or how the representations were made. Instead, Plaintiff asserts only inactionable conclusions. (*See, e.g.*, Am. Compl. ¶ 106 ("Mrs. Bowers relied upon the representations made to her by the Defendants."); *see also* Am. Compl. ¶¶ 109, 122, 134, 148

("Mrs. Bowers had a right to rely upon the representations made to her . . .").) Absent specific **factual** allegations demonstrating reliance, Plaintiff's fraud claims fail.[17]

> e.     *Plaintiff's constructive fraud claim (Count 6) is inactionable.*

Under Georgia law, "[c]onstructive fraud consists of any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another." O.C.G.A. § 23-2-51. However, "constructive fraud is an equitable doctrine and cannot be used as a means to recover damages." *Rowland v. Rowland*, No. 1:04-CV-2068-TWT, 2005 WL 3096169, at *6 (N.D. Ga. Nov. 18, 2005). Because Plaintiff seeks only money damages — not equitable relief (*see* Am. Compl. at 48 ("Prayer for Relief")) — her constructive fraud claim fails as a matter of law. *See Wall v. Century 21 Winnerville Realty, Inc.*, 244 Ga. App. 762, 765 (2000) (constructive fraud claim fails "[b]ecause the [plaintiffs] do not seek equitable relief, but simply seek money damages[.]").

> f.     *Plaintiff's "Conspiracy" count (Count 9) fails to state a valid claim.*

Count 9 purports to assert a stand-alone cause of action for conspiracy. (*See* Am. Compl. ¶¶ 152–157 (containing conclusory conspiracy allegations).) "[W]here a plaintiff seeks to impose civil liability for a conspiracy, the conspiracy in and of itself furnishes no independent cause of action. Rather, the gist of the action, if a cause of action exists, is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage." *Nalley v. Langdale*, 319 Ga.

---

[17] Because no justifiable reliance facts are pled, the Court need not address the further defense that the clear terms of the Agreement negate justifiable reliance. (*See* Doc. 20-1 at 3, § II.B.1 ("No representation has been made by Bank or Investment Advisor that success can be assured in every transaction or that the Account will prove profitable")); *see also Results Oriented, Inc. v. Crawford*, 245 Ga. App. 432, 439 (2000) ("One not prevented from reading the contract, and having the capacity and opportunity to do so, cannot after signing it claim she was fraudulently induced to sign by promises which contradict the express terms of the contract."); *First Union Nat'l Bank v. Gurley*, 208 Ga. App. 647, 649 (1993) ("[T]here is no legal relief afforded when one 'blindly relied on the representations of the (other party) as to matters of which he could have informed himself.'"); *Citizens Bank, Vienna v. Bowen*, 169 Ga. App. 896, 897 (1984) (same).

App. 354, 362 n.15 (2012) (citations and quotations omitted). Plaintiff's claim for "conspiracy" is not valid under Georgia law and should be dismissed.

g.   *Plaintiff's Georgia RICO count (Count 10) should be dismissed.*

"[T]o survive a motion to dismiss [a Georgia RICO claim], Plaintiff must allege **facts sufficient to support each of the statutory elements** for **at least two** of the pleaded predicate acts." *Schmitt v. Reimer*, No. CV 110-102, 2012 WL 2153800, at *5 (S.D. Ga. June 13, 2012) (emphasis added). *See also id.* (dismissing RICO claim because "although Plaintiff allege[d] that various Defendants committed mail fraud, wire fraud, robbery, and retaliation, he [did] not provide the Court with facts supporting the statutory elements of these acts."). Plaintiff, however, fails to allege facts sufficient to support <u>any</u> statutory element of the alleged predicate actions. As a result, the RICO claim must be dismissed.

Plaintiff's RICO claim is based on allegations of theft by deception, securities fraud, and wire fraud. (Am. Compl. ¶ 161.) Because each of these predicates sound in fraud, they must be pleaded with particularity. *See Duncan*, 2014 WL 172228, at *11 ("The particularity requirement for fraud in Rule 9(b) of the Federal Rules of Civil Procedure applies to fraud-based Georgia RICO claims brought in federal court."); *Michelle's Rest. of Georgetown, Inc. v. Advanced Disposal Servs., Inc.*, No. 4:13-CV-488 CDL, 2014 WL 824211, at *4 (M.D. Ga. Mar. 3, 2014) (theft by deception, mail fraud, and wire fraud are fraud-based claims that must meet the requirements of Rule 9(b)). Instead of pleading facts supporting these predicate acts, the RICO count only contains inactionable conclusions. (*See* Am. Compl. ¶¶ 159–63.) Plaintiff's formulaic recitation of the elements of the alleged predicate acts is not sufficient to state a claim.[18] Because

---

[18] Plaintiff fails to allege facts supporting a claim of wire fraud. *See United States v. Ward*, 486 F.3d 1212, 1222 (11th Cir. 2007) (outlining the following elements of wire fraud: (1) defendant intentionally participated in a scheme or artifice to defraud another of money or

Plaintiff does not allege any facts to support the conclusory claims of theft, wire fraud, or securities fraud, the RICO claim should be dismissed.

> h.   *Plaintiff failed to provide adequate notice to support a Georgia Fair Business Practices Act ("FBPA") claim (Count 11), which also fails on substance.*

Count 11 purports to assert a cause of action for alleged "violation of the Georgia Fair Business Practices Act, S.C. [sic] Code Ann. §§10-1-390 *et seq*." (Am. Compl. ¶ 169.) This claim must be dismissed for two independent reasons: (1) it is time-barred; and (2) Plaintiff failed to provide the requisite notice.

First, Plaintiff's FBPA claim is barred by the statute's 2-year limitations period. *See* O.C.G.A. § 10-1-401(a)(1). An action under the FBPA "accrues when the business commits '[u]nfair or deceptive acts or practices in the conduct of consumer transactions,' and the consumer suffers an injury as a result of his reliance on the deception." *Byung Ho Cheoun v. Infinite Energy, Inc.*, 363 F. App'x 691, 694–95 (11th Cir. 2010) (citations omitted). The deceptive or unfair acts alleged by Plaintiff concern either the 2006 Wealth Management Agreement or the November 2012 letter (*see* Am. Compl. ¶¶ 30, 54, 167),[19] and Plaintiff alleges that her damages began in 2006 (*see id*. ¶¶ 29, 30, 49). Because Plaintiff waited until April 23, 2015 to assert an FBPA claim — nearly nine years after the Agreement was executed and over two years after the November 2012 letter — it should be dismissed as time-barred.

_____

property, and (2) used or caused the use of wires for the purpose of executing the scheme or artifice). Likewise, Plaintiff fails to allege facts supporting a claim for theft by deception: that Defendants obtained property by "deceitful means or artful practice with the intention of depriving the owner of the property." O.C.G.A. § 16-8-3. Plaintiff also fails to allege facts sufficient to support a claim under Georgia's securities statutes. (*See* Section B.2.c, *supra*.)

[19] Indicative of Plaintiff's shotgun pleading, the bases of the FBPA claim are "unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce as is set forth in this Complaint." (Am. Compl. ¶ 167.)

Second, Plaintiff's FBPA claim fails because Plaintiff did not send the required pre-suit notice. In order to maintain a FBPA action, Plaintiff was required to send a written demand for relief "[a]t least 30 days **prior to the filing** of **any** such **action**." O.C.G.A. § 10-1-399(b) (emphasis added). Plaintiff filed her action on January 27, 2015, but did not send the purported notice under § 10-1-399(b) until over three weeks later.[20] Accordingly, Plaintiff's FBPA claim must be dismissed for failure to satisfy statutory requirements. *See, e.g.*, *Gibbs v. Abbott Labs., Inc.*, No. 01-C-1315, 2001 WL 1558279, *3–4 (N.D. Ill. Dec. 5, 2001) (denying motion to amend to cure 30-day notice requirement because failure to send notice is "fatal" to FBPA claim and plaintiff could not "retroactively apply the [post-complaint] notice letter to her [] complaint") (applying Georgia law).

## CONCLUSION

Plaintiff's shotgun blast amended complaint is condemned in this Circuit for good reason — it unnecessarily expands the proceedings and fails to allow Defendants to frame proper responsive pleadings. For the reasons set forth above, the Court should dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

**[SIGNATURE ON FOLLOWING PAGE]**

---

[20] The purported FBPA notice letter (February 19, 2015 letter attached as Exhibit 1) may be considered for this motion to dismiss because it is a "document[] central to or referenced in [Plaintiff's Complaint]." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

Respectfully submitted this 7th day of May, 2015.

**PARKER, HUDSON, RAINER
& DOBBS LLP**

*/s/ William J. Holley, II*
William J. Holley, II
Georgia Bar No. 362310
wholley@phrd.com
Scott E. Zweigel
Georgia Bar No. 786616
szweigel@phrd.com
285 Peachtree Center Avenue, N.E.
1500 Marquis Two Tower
Atlanta, Georgia 30303
Telephone: (404) 523-5300

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

D. Larry Kristinik
Larry.Kristinik@nelsonmullins.com
Appearing Pro Hac Vice
Kristen Horne
Kristen.Horne@nelsonmullins.com
Appearing Pro Hac Vice
Meridian, 17th Floor
1320 Main Street
Columbia, SC 29201
Telephone: (803)799-2000

**BUCHANAN & LAND, LLP**

Jerry A. Buchanan
Georgia Bar No. 092200
jab@buchananland.com
1425 Wynnton Road
P.O. Box 2848
Columbus, Georgia 31902
Telephone: (706) 323-2848

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 7, 2015, I electronically filed the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered counsel of record in this action.

This 7th day of May, 2015.

*/s/ William J. Holley, II*
William J. Holley, II