**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| **EFFIE CAMPBELL SIEGLING BOWERS by and through her ATTORNEY-IN-FACT TERRELL W. BOWERS,** )<br>)<br>)<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| **v.** ) | **Civil Action No. 4:15-cv-00011-MTT** |
| ) | |
| **BRANCH BANKING AND TRUST COMPANY, Successor in merger to BRANCH BANKING AND TRUST COMPANY OF SC, and STERLING CAPITAL MANAGEMENT, LLC, Successor in merger to BB&T ASSET MANAGEMENT, LLC,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| **BB&T.** ) | |

**ANSWER OF DEFENDANTS BRANCH BANKING AND TRUST COMPANY**
**AND STERLING CAPITAL MANAGEMENT, LLC**

Pursuant to Federal Rules of Civil Procedure 8, 12, and 15, Defendants Branch Banking and Trust Company ("BB&T") and Sterling Capital Management, LLC ("Sterling") (collectively, "Defendants"), by and through undersigned counsel, without assuming any burden that is not otherwise appropriately placed on Defendants, hereby file their answer and defenses to Plaintiff's First Amended Complaint (the "Amended Complaint") as follows:

**FIRST DEFENSE**

Subject to all defenses, Defendants respond to the numbered paragraphs contained in Plaintiff's Amended Complaint as follows:

1.      Upon information and belief, Defendants admit the allegations in Paragraph 1.

2.      Upon information and belief, Defendants admit the allegations in Paragraph 2.

3.     Responding to Paragraph 3, Defendants state that BB&T is a wholly-owned subsidiary of BB&T Corporation and is incorporated under the laws of the state of North Carolina with its principal place of business in the state of North Carolina.

4.     Responding to Paragraph 4, Defendants state that BB&T is one of the largest banks in the United States and has significant assets.

5.     Responding to Paragraph 5, Defendants state that BB&T Corporation is the bank holding company for BB&T and owns subsidiaries that have significant assets.  Defendants further respond to Paragraph 5 by stating that certain shares of BB&T Corporation stock are traded on the New York Stock Exchange under the trading symbol "BBT."

6.     Responding to Paragraph 6, Defendants state that BB&T Corporation is the bank holding company for BB&T and that most of BB&T Corporation's assets are reflected in its ownership of BB&T.

7.     Responding to Paragraph 7, Defendants state that Sterling is registered as an investment advisor with the Securities and Exchange Commission, that it is organized under the laws of the state of North Carolina with its principal place of business in North Carolina, and that BB&T Asset Management LLC was merged into Sterling Capital Management, LLC.  Further responding to Paragraph 7, Defendants state that BB&T Asset Management LLC is a successor to BB&T Asset Management, Inc.

8.     Paragraph 8 is a statement to which no response is necessary.

9.     The statements made in Paragraph 9 constitute legal conclusions which do not require a response.  Further responding to Paragraph 9, Defendants deny any liability to Plaintiff.

10.     Responding to Paragraph 10, Defendants state that BB&T and Sterling are registered to do business in the state of Georgia and are in good standing with the Georgia

Secretary of State.  Further responding to Paragraph 10, Defendants state that they have business operations in the state of Georgia and have in the past sought to enforce contractual rights involving Georgia citizens in courts located in the state of Georgia.

11.     Responding to Paragraph 11, Defendants do not contest the *in personam* jurisdiction of the Court over BB&T and Sterling.

12.     Responding to Paragraph 12, Defendants do not contest the venue of this action in the Middle District of Georgia.  Further responding to Paragraph 12, Defendants deny any acts or omissions on their part which Plaintiff alleges give rise to her causes of action.

13.     Defendants admit only so much of the allegations of Paragraph 13 as allege that BB&T served as a fiduciary in its role as trustee of certain trusts.  Defendants are without sufficient knowledge and information to determine the truth or falsity of the allegations in Paragraph 13 regarding Plaintiff's understanding, her mental status, or her ability to manager her affairs and, therefore, deny the same.  Defendants deny the remaining allegations in Paragraph 13.

14.     Upon information and belief, Defendants admit the allegations in Paragraph 14.

15.     Upon information and belief, Defendants admit the allegations in Paragraph 15.

16.     Upon information and belief, Defendants admit the allegations in Paragraph 16.

17.     Defendants are without sufficient knowledge and information to determine the truth or falsity of the allegations in Paragraph 17 and, therefore, deny the same.

18.     Defendants are without sufficient knowledge and information to determine the truth or falsity of the allegations in Paragraph 18 and, therefore, deny the same.

19.     Defendants are without sufficient knowledge and information to determine the truth or falsity of the allegations in Paragraph 19 and, therefore, deny the same.

20.     Defendants admit only so much of the allegations of Paragraph 20 as allege that Plaintiff held AFLAC stock in her own name and that the value of the stock grew over time. Defendants are without sufficient knowledge and information to determine the truth or falsity of the remaining allegations in Paragraph 20 and, therefore, deny the same.

21.     Defendants admit the allegations in Paragraph 21 as allege that the Effie C.S. Bowers Irrevocable Insurance Trust was established August 10, 1998, that the trust assets included Transamerica Occidental Life Insurance Company policy with a $6 million death benefit, and that the trustees of the Trust have caused premium payments to be timely made on policies held by the Trust.  Defendants are without sufficient knowledge and information to determine the truth or falsity of the remaining allegations in Paragraph 21 and, therefore, deny the same.

22.     Defendants admit the allegations in Paragraph 22 as allege that BB&T became the successor trustee of the Effie C.S. Bowers Irrevocable Insurance Trust in 2001 and, at that time, assumed the obligations imposed by the trust agreement and Georgia law.  Defendants deny any allegations of Paragraph 22 inconsistent with the foregoing.

23.     Defendants admit only so much of the allegations in Paragraph 23 as allege that BB&T assisted Plaintiff with the replacement of a $6 million policy of insurance that was near its expiration with a pair of policies issued by Protective Life Insurance Company that provided the same coverage for a much longer term and for a lower premium.  Defendants deny the remaining allegations of Paragraph 23.

24.     Upon information and belief, Defendants admit the allegations in Paragraph 24.

25.     Defendants admit only so much of the allegations Paragraph 25 as allege that BB&T experienced growth during the late 1990s and early 2000s, and that it engaged in efforts to expand its business.  Defendants deny the remaining allegations in Paragraph 25.

26.     Responding to Paragraph 26, Defendants state that BB&T has engaged in the marketing and promotion of its financial services.  Because the allegations do not make reference to a particular medium or time period, Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 26 and, therefore, deny the same.

27.     Defendants deny the allegations in Paragraph 27.   Further responding to Paragraph 27, Defendants make reference to the written agreements between BB&T and Plaintiff and the obligations set forth therein.

28.     Defendants are without sufficient knowledge and information to determine the truth or falsity of the allegations in Paragraph 28 as allege what Plaintiff needed and wanted and, therefore, deny the same.  Defendants deny the remaining allegations in Paragraph 28, except that Defendants admit that BB&T acted as trustee of certain trusts and assumed the obligations imposed by the applicable trust agreements and Georgia law.

29.     Defendants admit only so much of the allegations in Paragraph 29 as allege that BB&T acted as trustee of certain trusts.  Defendants are without sufficient knowledge and information to determine the truth or falsity of the allegations in Paragraph 29 regarding Plaintiff's reliance or reasons for taking the alleged actions and, therefore, deny the same. Defendants deny the remaining allegations in Paragraph 29.

30.     Defendants admit only so much of the allegations in Paragraph 30 as allege that Plaintiff entered into a Wealth Management Agreement with BB&T and BB&T Asset

Management ("Wealth Management Agreement").  Defendants refer to and incorporate herein by reference the terms of the Wealth Management Agreement and deny any allegations in Paragraph 30 inconsistent with it.

31.     Responding to Paragraph 31, Defendants refer to and incorporate herein by reference the terms of the Wealth Management Agreement and deny any allegations in Paragraph 31 inconsistent with it.

32.     Responding to Paragraph 32, Defendants admit that, under specified circumstances, BB&T would act in the capacity as co-executor of Plaintiff's estate in the event of her death.

33.     Responding to Paragraph 33, Defendants refer to and incorporate herein the terms of the Wealth Management Agreement and any other written agreements with Plaintiff and deny any alleged obligations not set forth within those agreements.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants admit only so much of the allegations in Paragraph 36 as allege that Plaintiff, with the assistance of her own advisors, executed a variable prepaid forward contract ("VPFC") and that the proceeds from this VPFC were used to fund a managed portfolio account. Defendants deny the remaining allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.   Further responding to Paragraph 37, Defendants state that a VPFC is an option for hedging the risk of a concentrated stock position.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants admit only so much of the allegations in Paragraph 39 as allege that one or more employees of Sterling (or its predecessors) made representations to Plaintiff and her own advisors that they had experience with VPFCs and that they would have explained to Plaintiff and her own advisors the risks and benefits to Plaintiff of a VPFC, including, among others, generating funds to pay off debt and hedging risk in concentrated stock positions. Defendants deny the remaining allegations in Paragraph 39, including, without limitation, all allegations as they may pertain to BB&T.

40.     Defendants admit only so much of the allegations in Paragraph 40 as allege that BB&T employees had access to presentations and materials concerning alternative investments including VPFCs.  Defendants deny the remaining allegations in Paragraph 40.

41.     Defendants admit only so much of the allegations in Paragraph 41 as allege that certain employees of BB&T were not permitted to give advice about alternative investments. Defendants deny the remaining allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43, including all subparts.

44.     Responding to Paragraph 44, Defendants admit that Plaintiff, with the assistance of her own advisors, executed a VPFC on August 22, 2006, that involved 210,000 shares of AFLAC stock.  Defendants refer to and incorporate by reference here the terms of the contract and deny any allegations of Paragraph 44 inconsistent with it.  Defendants are without sufficient knowledge or information to determine the truth or falsity of the remaining allegations in Paragraph 44, including the allegations as allege that Plaintiff acted in reliance on or at the direction of Defendants and, therefore, deny the same.

45.     Defendants admit only so much of the allegations in Paragraph 45 as allege that Defendants acted in accordance with the instructions of Plaintiff and her own advisors in applying the proceeds of her August 2006 VPFC to pay off her margin debt at another financial institution and to open an investment account.  Defendants deny the remaining allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46.

47.     Responding to the allegation in Paragraph 47 addressing the handling of Plaintiff's managed portfolio account, Defendants refer to and incorporate herein the terms of the agreements governing the account relationship and deny any allegations inconsistent with those agreements.  Defendants are without sufficient knowledge and information to determine the truth or falsity of the allegations in Paragraph 47 that relate to the beliefs of Plaintiff and, therefore, deny the same.  Defendants deny the remaining allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations of Paragraph 50.

51.     Defendants admit only so much of the allegations in Paragraph 51 as allege that Plaintiff, with the assistance of her own advisors, entered into four subsequent VPFCs with the last one being executed in June of 2014.  Defendants deny the remaining allegations in Paragraph 51.

52.     Defendants admit only so much of the allegations in Paragraph 52 as allege that the Plaintiff, with the assistance of her own advisors, elected to enter into four additional VPFCs after her initial VPFC executed in August of 2006.  Defendants deny the remaining allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants admit the allegations in Paragraph 54 as allege that BB&T sent a letter in November 2012 to Plaintiff and certain other BB&T clients that included the language quoted in Paragraph 54.  Defendants deny any allegations in Paragraph 54 inconsistent with the above or with the language of the aforesaid letter.

55.     Defendants deny the allegations in Paragraph 55, except that Defendants admit that BB&T acted as trustee of certain trusts and assumed the obligations imposed by the applicable trust agreements and Georgia law.

56.     Defendants deny the allegations in Paragraph 56 as allege that either of the Defendants committed errors or unfair or deceptive practices or made misrepresentations to Plaintiff.  Further responding to Paragraph 56, Defendants state that it has been and continues to be their position that the VPFCs executed by Plaintiff with the assistance of her own advisors have been "appropriate, prudent, and suitable."  Defendant denies any allegations in Paragraph 56 inconsistent with the above.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants admit that they were parties to the South Carolina litigation referenced in Paragraph 58 ("South Carolina action"), but Plaintiff was not a party to the South Carolina action.  Defendants further respond to Paragraph 58 by stating that the judgment entered in the South Carolina action is on appeal.

59.     Responding to Paragraph 59, Defendants admit that an Order and Final Judgment was entered in the litigation referenced in Paragraph 58 on or about November 10, 2014. Defendants deny the allegations in Paragraph 59 as allege that all findings in the Order and Final Judgment were actually litigated, necessary to the outcome, or were against Defendants.

Defendants further deny the allegations in Paragraph 59 that the judgment in the referenced litigation precludes relitigation of any issue common to this case.  Defendants further respond to Paragraph 59 by stating that the judgment entered in the South Carolina action is on appeal.

60.     Responding to Paragraph 60, Defendants refer to the Order and Final Judgment as well as to the November 29, 2012 letter from Ralph Borrello and deny any allegations inconsistent therewith.  Defendants further respond to Paragraph 60 by stating that the judgment entered in the South Carolina action is on appeal.

61.     Defendants deny the allegations in Paragraph 61.  Defendants further respond to Paragraph 61 by stating that the judgment entered in the South Carolina action is on appeal.

62.     Responding to Paragraph 62, Defendants refer to the Order and Final Judgment and deny any allegations inconsistent therewith.  Defendants further respond to Paragraph 62 by stating that the South Carolina action was not prosecuted by Plaintiff and that the judgment entered in the South Carolina action is on appeal.

63.     Defendants deny the allegations in Paragraph 63.  Defendants further respond to Paragraph 63 by stating that the judgment entered in the South Carolina action is on appeal.

**RESPONSE**
**TO THE FIRST CAUSE OF ACTION**

64.     Responding to Paragraph 64, Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim here.

65.     Defendants admit only so much of the allegations if Paragraph 65 as allege that Plaintiff entered a Wealth Management Agreement with BB&T and BB&T Asset Management, Inc.  Defendants refer to and incorporate herein by reference the terms of this agreement and deny any allegations in Paragraph 65 inconsistent with it.

66.     Defendants admit only so much of the allegations if Paragraph 66 as allege that Plaintiff entered a Wealth Management Agreement with BB&T and BB&T Asset Management, Inc.  Defendants refer to and incorporate herein by reference the terms of this agreement and deny any allegations in Paragraph 66 inconsistent with it.

67.     The allegations in Paragraph 67 state a legal conclusion to which no response is necessary.

68.     Defendants deny the allegations in Paragraph 68, including all subparts.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71 and deny that Plaintiff is entitled to any relief from Defendants.

## RESPONSE
## TO THE SECOND CAUSE OF ACTION

72.     Responding to Paragraph 72, Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim here.

73.     Defendants admit only so much of the allegations in Paragraph 73 as allege that BB&T was designated to serve as trustee of certain trusts and that, under specified circumstances, BB&T would act in the capacity as co-executor of Plaintiff's estate in the event of her death.  Defendants further admit that they had obligations under the Wealth Management Agreement.  Defendants deny the remaining allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74, except that Defendants state that BB&T acted as a fiduciary in its capacity as trustee of certain trusts and assumed the obligations imposed by the applicable trust agreements and Georgia law.

75.     Defendants deny the allegations in Paragraph 75, except that Defendants state that BB&T acted as a fiduciary in its capacity as trustee of certain trusts and assumed the obligations imposed by the applicable trust agreements and Georgia law.

76.     Defendants deny the allegations in Paragraph 76, except that Defendants state that BB&T acted as a fiduciary in its capacity as trustee of certain trusts and assumed the obligations imposed by the applicable trust agreements and Georgia law.

77.     Defendants deny the allegations in Paragraph 77, including all subparts, as allege that they breached any duties.  Defendants deny the remaining allegations in Paragraph 77, except that Defendants state that BB&T acted as a fiduciary in its capacity as trustee of certain trusts and assumed the obligations imposed by the applicable trust agreements and Georgia law.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80 and deny that Plaintiff is entitled to any relief from Defendants.

## RESPONSE
## TO THE THIRD CAUSE OF ACTION

81.     Responding to Paragraph 81, Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim here.

82.     The allegations of Paragraph 82 call for a legal conclusion to which no response is necessary.  Further responding to Paragraph 82, Defendants refer to and incorporate herein by reference the terms of the Wealth Management Agreements and any other written agreements between the parties and deny any allegations in paragraph 82 inconsistent with them.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85, including all subparts.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88 and deny that Plaintiff is entitled to any relief from Defendants.

## RESPONSE
## TO THE FOURTH CAUSE OF ACTION

89.     Responding to Paragraph 89, Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim here.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants deny the allegations of Paragraph 97 and deny that Plaintiff is entitled to any relief from Defendants.

## RESPONSE
## TO THE FIFTH CAUSE OF ACTION

98.     Responding to Paragraph 98, Defendants incorporate their response to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim

here.

99.     Defendants deny the allegations in Paragraph 99.

100.    Because the allegations do not make reference to a particular method or time period for the alleged representations, Defendants are without sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 100 and, therefore, deny the same.

101.    Defendants admit only so much of the allegations in Paragraph 101 as allege that one or more employees of Sterling (or its predecessors) made representations to Plaintiff and her own advisors that they had experience with VPFCs and that they would have explained to Plaintiff and her own advisors the risks and benefits to Plaintiff of a VPFC, including, among others, hedging risk in concentrated stock positions.  Defendants deny the remaining allegations in Paragraph 101, including, without limitation, all allegations as they may pertain to BB&T.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

106.    Defendants deny the allegations in Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants deny the allegations in Paragraph 108.

109.    Defendants deny the allegations in Paragraph 109.

110.    Defendants deny the allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112 and deny that Plaintiff is entitled to any relief from Defendants.

## RESPONSE
## TO THE SIXTH CAUSE OF ACTION

113.    The claim for constructive fraud was dismissed by the Court's Order dated July 8, 2015 [Dkt. No. 29], and, accordingly, no response to Paragraph 113 is required.

114.    The claim for constructive fraud was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 114 is required.

115.    The claim for constructive fraud was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 115 is required.

116.    The claim for constructive fraud was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 116 is required.

117.    The claim for constructive fraud was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 117 is required.

118.    The claim for constructive fraud was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 118 is required.

119.    The claim for constructive fraud was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 119 is required.

120.    The claim for constructive fraud was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 120 is required.

121.    The claim for constructive fraud was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 121 is required.

122.    The claim for constructive fraud was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 122 is required.

123. The claim for constructive fraud was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 123 is required.

124. The claim for constructive fraud was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 124 is required.

125. The claim for constructive fraud was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 125 is required.

## RESPONSE
## TO THE SEVENTH CAUSE OF ACTION

126. Responding to Paragraph 126, Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim here.

127. Defendants deny the allegations in Paragraph 127.

128. Defendants admit only so much of the allegations in Paragraph 128 as allege that one or more employees of Sterling (or its predecessors) made representations to Plaintiff and her own advisors that they had experience with VPFCs and that they would have explained to Plaintiff and her own advisors the benefits to Plaintiff of a VPFC, including, among others, hedging risk in concentrated stock positions. Defendants deny the remaining allegations in Paragraph 128, including, without limitation, all allegations as they may pertain to BB&T.

129. Defendants deny the allegations in Paragraph 129.

130. Defendants deny the allegations in Paragraph 130.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134.

135.    Defendants deny the allegations in Paragraph 135.

136.    Defendants deny the allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137 and deny that Plaintiff is entitled to any relief from Defendants.

**RESPONSE**
**TO THE EIGHTH CAUSE OF ACTION**

138.    Responding to Paragraph 138, Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim here.

139.    Defendants deny the allegations in Paragraph 139.

140.    Defendants deny the allegations in Paragraph 140.

141.    Defendants admit only so much of the allegations in Paragraph 141 as allege that one or more employees of Sterling (or its predecessors) made representations to Plaintiff and her own advisors that they had experience with VPFCs and that they would have explained to Plaintiff and her own advisors the risks and benefits to Plaintiff of a VPFC, including, among others, hedging risk in concentrated stock positions.  Defendants deny the remaining allegations in Paragraph 141, including, without limitation, all allegations as they may pertain to BB&T.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants deny the allegations in Paragraph 143.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants admit only so much of the allegations in Paragraph 145 as allege that Plaintiff would be charged a fee based on assets maintained in her managed portfolio account. Defendants deny the remaining allegations in Paragraph 145.

146.     Defendants deny the allegations in Paragraph 146, except that Defendants state that BB&T acted as a fiduciary in its capacity as trustee of certain trusts and assumed the obligations imposed by the applicable trust agreements and Georgia law.

147.     Defendants deny the allegations in Paragraph 147.

148.     Defendants deny the allegations in Paragraph 148.

149.     Defendants deny the allegations in Paragraph 149.

150.     Defendants deny the allegations in Paragraph 150.

151.     Defendants deny the allegations in Paragraph 151 and deny that Plaintiff is entitled to any relief from Defendants.

## RESPONSE
## TO THE NINTH CAUSE OF ACTION

152.     The claim for civil conspiracy was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 152 is required.

153.     The claim for civil conspiracy was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 153 is required.

154.     The claim for civil conspiracy was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 154 is required.

155.     The claim for civil conspiracy was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 155 is required.

156.     The claim for civil conspiracy was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 156 is required.

157.     The claim for civil conspiracy was dismissed by the Court's Order dated July 8, 2015, and, accordingly, no response to Paragraph 157 is required.

**RESPONSE**
**TO THE TENTH CAUSE OF ACTION**

158.    Responding to Paragraph 158, Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim here.

159.    Defendants deny the allegations in Paragraph 159.

160.    Defendants deny the allegations in Paragraph 160.

161.    Defendants deny the allegations in Paragraph 161, including all subparts.

162.    Defendants deny the allegations in Paragraph 162.

163.    Defendants deny the allegations in Paragraph 163.

164.    Defendants deny the allegations in Paragraph 164.

165.    Defendants deny the allegations in Paragraph 165 and deny that Plaintiff is entitled to any relief from Defendants.

**RESPONSE**
**TO THE ELEVENTH CAUSE OF ACTION**

166.    Responding to Paragraph 166, Defendants incorporate their responses to the preceding and subsequent allegations in the First Amended Complaint as if repeated verbatim here.

167.    Defendants deny the allegations in Paragraph 167.

168.    Defendants deny the allegations in Paragraph 168.

169.    Defendants deny the allegations in Paragraph 169.  Defendants also deny that that Georgia Fair Business Practices Act is contained in the South Carolina Code.

170.    Defendants deny the allegations in Paragraph 170.

171.    Defendants deny the allegations in Paragraph 171.

172.    Defendants deny the allegations in Paragraph 172.

173.    Responding to Paragraph 173, Defendants deny that a written demand for relief was served before the filing of this action.  Defendants state that Plaintiff served Defendants with a written demand for relief more than thirty days before filing the First Amended Complaint.  Defendants admit the allegation in Paragraph 173 that they have made no written tender of settlement pursuant to the Plaintiff's belated written demand for relief under OCGA § 10-1-399(b).  Defendants deny any allegations in Paragraph 173 inconsistent with the above.

174.    Defendants deny the allegations in Paragraph 174 and deny that Plaintiff is entitled to any relief from Defendants.

## RESPONSE TO THE PRAYER FOR RELIEF

175.    Defendants deny the allegations in the paragraph beginning "Wherefore" on page 48 of the Amended Complaint, including all subparts.  Defendants specifically deny that Plaintiff is entitled to any relief whatsoever against Defendants, including, but not limited to, actual damages, consequential damages, treble damages, punitive damages, interest, costs, attorneys' fees, equitable relief, or any other damages.

* * * * *

Any allegations not specifically admitted or denied in paragraphs 1 – 175 above, are hereby denied.

Together with its answers to the Amended Complaint's numbered paragraphs and prayer for relief, and without assuming any burden that is not otherwise appropriately placed on Defendants, Defendants plead the following additional defenses to the Amended Complaint:

**SECOND DEFENSE**

Plaintiff's First Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by contract, including but not limited to the Wealth Management Agreement attached to the First Amended Complaint as Exhibit 1.  In particular, and without limitation, punitive damages and other forms of relief are expressly barred by the Wealth Management Agreement.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's fault and responsibility under O.C.G.A. § 51-12-33.

**SIXTH DEFENSE**

Plaintiff's recovery, if any, against Defendants is limited to Defendants' proportionate fault under O.C.G.A. § 51-12-33; and should be apportioned among all others who may be assessed fault, including but not limited to those persons and entities identified in the below defenses.

**SEVENTH DEFENSE**

Pursuant to O.C.G.A. § 51-12-33(d), notice is hereby given that nonparties Alan F. Rothschild, Jr. and Hatcher, Stubbs, Land, Hollis & Rothschild, LLP (collectively, "Hatcher Stubbs") are wholly or partially at fault for any alleged damages incurred by Plaintiff.  Hatcher

Stubbs' last known address is: 233 12th Street, Suite 500, Columbus, GA 31901. Plaintiff's allegations relate to alleged advice provided to Plaintiff regarding variable prepaid forward contracts. Hatcher Stubbs represented Plaintiff and provided her legal, tax, and estate planning advice related to the allegations in the Amended Complaint and regarding variable prepaid forward contracts. To the extent Plaintiff incurred any compensable damages, which Defendants deny, Hatcher Stubbs is at fault.

## EIGHTH DEFENSE

Pursuant to O.C.G.A. § 51-12-33(d), notice is hereby given that nonparties William Thomas Miller, Jr. and The Miller CPA Group (collectively, "Miller Group") are wholly or partially at fault for any alleged damages incurred by Plaintiff. Miller Group's last known address is: 101 Enterprise Ct, Columbus, GA 31904. Plaintiff's allegations relate to alleged advice provided to Plaintiff regarding variable prepaid forward contracts. Miller Group, Plaintiff's CPA represented Plaintiff and provided her tax and estate planning advice related to the allegations in the Amended Complaint and regarding variable prepaid forward contracts. To the extent Plaintiff incurred any compensable damages, which Defendants deny, Miller Group is at fault.

## NINTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff failed to comply with Plaintiff's duty to avoid or mitigate Plaintiff's alleged damages, entitlement to which is expressly denied.

## TENTH DEFENSE

Plaintiff's alleged damages were not proximately or legally caused by any act or omission of Defendants. Nor is Plaintiff entitled to any equitable relief.

### ELEVENTH DEFENSE

Plaintiff's claims against Defendants are barred because Plaintiff's alleged damages were caused, if at all, by parties not within Defendants' control.

### TWELFTH DEFENSE

Plaintiff's claims against are barred, in whole or in part, by the doctrine of election of remedies and Plaintiff's tort claims are barred by the economic loss rule.

### THIRTEENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrines of waiver, laches, authorization, and estoppel.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants at all times acted in good faith and in a reasonable manner.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' statements, conduct and actions were in conformity with and were made pursuant to statutes, governmental regulations, and industry standards existing at the time of such statements, conduct, and actions.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or part, by the consent or assumption of risk of Plaintiff, including, without limitation, Plaintiff's agreements to terms and provisions of contracts with Defendants and with the counter-parties in the VPFC transactions.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine and/or similar legal theory in that the obligations, commissions, and fees about which Plaintiff complains were paid

voluntarily and without protest.  Plaintiff's acceptance of and failure to challenge what she now claims is a compensable wrong bars one or more of her claims.

### EIGHTEENTH DEFENSE

Plaintiff's request for punitive damages fails because Defendants' actions do not demonstrate willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

### NINETEENTH DEFENSE

Plaintiff's request for punitive damages is barred or limited by the Fourteenth Amendment to the United States Constitution and analogous provisions of the Georgia Constitution.

### TWENTIETH DEFENSE

Plaintiff's fraud-based claims fail because Defendants made no material misrepresentation of fact, because Plaintiff did not rely to her detriment on any alleged misrepresentation by Defendants, because Plaintiff's reliance, if any, on the alleged misrepresentations by Defendants was not reasonable, and because she did not exercise due diligence to determine the accuracy of the alleged misrepresentations on which she purportedly relied.

### TWENTY-FIRST DEFENSE

Plaintiff's RICO claims fail because she did not plead an acquisition of interest in or control of an enterprise, real property, or personal property through a pattern of racketeering activity or proceeds derived therefrom.

### TWENTY-SECOND DEFENSE

Plaintiff's RICO claims fail because the alleged predicate acts are part of a single transaction.

### TWENTY-THIRD DEFENSE

Plaintiff's RICO claims fail because she fails to adequately plead a pattern of racketeering activity.

### TWENTY-FOURTH DEFENSE

Plaintiff's claim for an alleged violation of the Georgia Fair Business Practices Act fails because Plaintiff failed to provide the requisite notice of the purported claim.

### TWENTY-FIFTH DEFENSE

Plaintiff's claim for an alleged violation of the Georgia Fair Business Practices Act fails because Defendants did not commit any unfair or deceptive practice.

### TWENTY-SIXTH DEFENSE

To the extent Plaintiff's claim that Defendants provided "investment advice" to her and/or to the extent she bases her claim on "securities transactions" or "investment account transactions," the claim for an alleged violation of the Georgia Fair Business Practices Act fails.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claim for violation of the Georgia Uniform Securities Act fails because Defendants did not sell any securities to Plaintiff.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claim for violation of the Georgia Uniform Securities Act claim fails against BB&T because it was not a person acting as an investment adviser or investment adviser representative.

**TWENTY-NINTH DEFENSE**

The parol evidence rule and/or the doctrines of integration and merger as well as the statute of frauds prevent reliance on and the enforceability of any statements, representations, provisions, or terms not set forth in any written agreements that may exist.

**THIRTIETH DEFENSE**

Plaintiff's claims are barred by consent to, ratification, and/or approval of the alleged transactions.

**THIRTY-FIRST DEFENSE**

Defendants would show that any alleged damages of the Plaintiff should be reduced by the all benefits gained from participation in the transactions at issue and from any gains in the investment account.

**THIRTY-SECOND DEFENSE AND RESERVATION OF RIGHTS**

Defendants have insufficient knowledge or information, at this time, upon which to form a belief as to whether there may be additional defenses and/or affirmative defenses available to them. Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during the proceedings in this case and hereby reserve their rights to amend this Answer and Defenses to assert any such defense, including their right to assert additional defenses that may become known through discovery.

WHEREFORE, having fully answered the First Amended Complaint of the Plaintiff, Defendants BB&T and Sterling pray that the Amended Complaint be dismissed, with prejudice, and for such other and further relief as the Court may deem just and proper.


**[SIGNATURE ON FOLLOWING PAGE]**

Respectfully submitted this 22nd day of July, 2015.

**PARKER, HUDSON,
RAINER & DOBBS, LLP**

*/s/ William J. Holley, II*
William J. Holley, II
Georgia Bar No. 362310
wholley@phrd.com
Scott E. Zweigel
Georgia Bar No. 786616
szweigel@phrd.com
285 Peachtree Center Avenue, N.E.
1500 Marquis Two Tower
Atlanta, Georgia 30303
Telephone: (404) 523-5300

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
D. Larry Kristinik
Larry.Kristinik@nelsonmullins.com
*Appearing Pro Hac Vice*
Kristen Horne
Kristen.Horne@nelsonmullins.com
*Appearing Pro Hac Vice*
Meridian, 17th Floor
1320 Main Street
Columbia, SC 29201
Telephone: (803)799-2000

**BUCHANAN & LAND, LLP**
Jerry A. Buchanan
Georgia Bar No. 092200
jab@buchananland.com
1425 Wynnton Road
P.O. Box 2848
Columbus, Georgia 31902
Telephone: (706) 323-2848

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 22, 2015, I electronically filed the foregoing **ANSWER OF DEFENDANTS BRANCH BANKING AND TRUST COMPANY AND STERLING CAPITAL MANAGEMENT, LLC** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered counsel of record in this action.

This 22nd day of July, 2015.

*/s/ William J. Holley, II*
William J. Holley, II